### BUZZELL *v.* HARDY.

As between the officer and the debtor, an attachment is not dissolved by taking a receipt and allowing the property to pass back into the possession of the debtor.

When a debtor is the owner of two pieces of property, either of which may be claimed by him as exempt from attachment, he is bound, when an attachment is made, if he has knowledge of it, to make his claim of exemption ; otherwise it will be waived.

TRESPASS, for taking a pair of oxen and a cow. The defendant justified as an officer under process against the plaintiff, who claimed that the property was exempt from attachment or seizure on execution. Facts found by the court. May 23, 1872, one Colby, a deputy sheriff, attached the oxen and cow, on a writ against the plaintiff, who made no claim that they were exempt from attachment, and who procured a receiptor, and they went back into his possession. The plaintiff was a farmer ; and when the attachment was made he owned two cows, a pair of oxen, and a horse. He used the oxen and horse on his farm.

The action in which the attachment was made was entered in court, judgment was rendered and execution issued, and within thirty days the oxen and cow were taken and sold on the execution. At that time the plaintiff had only the cow sued for. No rights of third parties had intervened between the attachment and sale.

After the seizure on the execution and before the sale, the plaintiff claimed, and notified the defendant, that the oxen were exempt, as beasts of the plough, and that the cow was exempt because it was his only cow. The court found for the defendant, and the plaintiff excepted.

*Mugridge,* for the plaintiff.

*Hawthorne & Greene,* for the defendant.

Stanley, J. If the attachment was lawful, the subsequent seizure on the execution was lawful, for it relates back to the time of the attachment, so far as any other conveyances or incumbrances are concerned, and the creditor is not affected by any intermediate notice or record. *Stowe* v. *Meserve,* 13 N. H. 46 ; *Emerson* v. *Littlefield,* 3 Fairf. 148 ; *Stanley* v. *Perley,* 5 Greenl. 369 ; *Coffin* v. *Ray,* 1 Met. 212.

If the oxen were not exempt, the attachment was lawful. Either the oxen or the horse were exempt, but not both. One of the two cows was exempt, but not both. We do not decide whether the plaintiff had the right to elect whether he would claim the oxen or the horse, or which of the two cows he would claim as exempt, for he made no election. When they were attached, he did not object. By procuring a receiptor, he waived his right of election, if he had such right. The doctrine of estoppel applies here. From his silence the officer and the creditor had the right to infer that he did not claim the property attached as exempt. If he had made such a claim, the officer might have attached the horse and the other cow. *Horn* v. *Cole,* 51 N. H. 287 ; *Barney* v. *Keniston, ante,* 168.

The claim, that when the oxen and the cow passed into the plaintiff's hands after they were receipted for the attachment was dissolved, cannot be sustained. The attachment was still in force for the security of the attaching creditors, and the officer, by virtue of it, could take the property from the debtor as well as from the receiptor. As between the debtor and the officer, the attachment was subsisting. The special property acquired by the officer under his attachment remained, and he could assert it at any time, unless the rights of third parties had intervened. *Whitney* v. *Farwell,* 10 N. H. 9.

The property, then, was properly attached. The attachment had not been dissolved. The seizure on execution related back to it, and the officer was justified in what he did.

*Judgment on the verdict.*

Bingham, J., did not sit.