Merrimack, }
  Dec., 1899. }

## BARNARD v. TOWNE.

The lien acquired by an officer under an attachment is not lost by taking a receipt and permitting the property to return to the possession of the debtor.

Where a chattel mortgage is in terms made subject to an attachment, the mortgagee will hold the property subject to the lien of the judgment creditor.

TROVER. Facts agreed. November 9, 1896, the defendant as deputy sheriff, in a suit brought by Henry E. Austin against Sally

W. Fifield, attached her property, consisting of a livery-stable stock and building, and the property, being receipted for, went back into her possession. Subsequently she mortgaged the same property to one Aiken. In the mortgage were inserted the words : "Subject to an attachment made by Henry E. Austin, of said Franklin, on a suit now pending in the supreme court of New Hampshire." January 26, 1898, Aiken sold and assigned this mortgage to the plaintiff, both parties having knowledge of the attachment and of the fact that the property was then in the possession of Fifield by reason of the receipt being furnished. At the October term, 1898, judgment was rendered for the plaintiff in said suit, and afterward a portion of the mortgaged property was sold to satisfy the judgment, against the objection of the plaintiff who claimed the property under his mortgage.

*James E. Barnard*, for the plaintiff.

*Edward B. S. Sanborn* and *Leach & Stevens*, for the defendant.

WALLACE, J. The defendant acquired a valid lien on the property by his attachment in the suit of Austin against Fifield. This was not lost by his taking a receipt and allowing the property to go into possession of the debtor. By virtue of the attachment, the officer could at any time take the property from either the receiptor or the debtor. As between the debtor and the officer, the attachment was still in force. "The special property acquired by the officer under his attachment remained and he could assert it at any time, unless the rights of third parties had intervened." *Buzzell* v. *Hardy*, 58 N. H. 331, 332. The rights of third parties with notice that the attachment was still subsisting are no greater than those of the debtor. *Whitney* v. *Farwell*, 10 N. H. 9 ; *Young* v. *Walker*, 12 N. H. 502, 508 ; *Carpenter* v. *Cummings*, 40 N. H. 158, 170 ; *Houston* v. *Blake*, 43 N. H. 115 ; *Treadwell* v. *Brown*, 43 N. H. 290 ; *Cooper* v. *Newman*, 45 N. H. 339 ; *Buzzell* v. *Hardy*, *supra*.

The plaintiff not only had full knowledge of the existence of the attachment, but all the rights he had under the mortgage to the property in question were in express terms made subject to the attachment.

The attachment was valid against the plaintiff, and the defendant was justified in selling the property on the execution.

*Judgment for the defendant.*

All concurred.